**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHERYL KESSLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.:   3:23-cv-01533 |
| v. | ) | |
| | ) | [Removed from the Circuit Court for the |
| BONZAI EXPRESS OF ST. LOUIS d/b/a | ) | Third Judicial Circuit, Madison County, |
| Crazy Bowls and Wraps, | ) | Illinois, Civil Action No. 2023-LA-000515] |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**BONZAI EXPRESS OF ST. LOUIS, INC.**

COMES NOW Defendant BONZAI EXPRESS OF ST. LOUIS, INC. (hereafter "BONZAI EXPRESS") and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**PARTIES AND JURISDICTION**

1.     BONZAI EXPRESS admits the allegations of Paragraph 1.

2.     BONZAI EXPRESS denies that it is an Illinois corporation but admits that it owned and operated the restaurant known as Crazy Bowls and Wraps at 6679 Edwardsville Crossing Drive, Edwardsville, Illinois.

3.     As Paragraph 3 contains a statement of law, no response is needed.

4.     As Paragraph 4 contains a statement of law, no response is needed.  To the extent a response is needed, BONZAI EXPRESS admits that the United States District Court has subject matter jurisdiction over this matter.

5.     As Paragraph 5 contains a statement of law, no response is needed.

**FACTS COMMON TO ALL COUNTS**

6.     BONZAI EXPRESS admits the allegations of Paragraph 6.

7.    BONZAI EXPRESS admits that the Plaintiff was at or near the drink station, but has insufficient information upon which to either admit or deny the remaining allegations of Paragraph 7 and therefore denies same.

8.    BONZAI EXPRESS admits that the Plaintiff was at or near the drink station, but has insufficient information upon which to either admit or deny the remaining allegations of Paragraph 8 and therefore denies same.

9.    BONZAI EXPRESS denies the allegations of Paragraph 9.

## COUNT I – PREMISES LIABILITY

10.    BONZAI EXPRESS reasserts and realleges its responses to the preceding allegations as if fully restated herein.

11.    BONZAI EXPRESS responds to the allegations of Paragraph 11 by stating that it owned and operated the restaurant known as Crazy Bowls and Wraps at 6679 Edwardsville Crossing Drive, Edwardsville, Illinois.  Any allegation inconsistent with this answer is hereby denied.

12.    As Paragraph 12 sets forth a legal conclusion, no response is required.  To the extent a response is required, BONZAI EXPRESS admits being subject to the proper legal duty under Illinois law, whether or not properly stated in the Complaint, but denies any breach of such a duty.

13.    BONZAI EXPRESS denies the allegations of Paragraph 13.

14.    BONZAI EXPRESS denies the allegations of Paragraph 14.

15.    BONZAI EXPRESS denies the allegations of Paragraph 15.

16.    BONZAI EXPRESS denies the allegations of Paragraph 16.

17.    BONZAI EXPRESS denies the allegations of Paragraph 17.

18.    BONZAI EXPRESS denies the allegations of Paragraph 18, including subparagraphs a through i.

19.     BONZAI EXPRESS denies the allegations of Paragraph 19.

Any allegations not specifically admitted are hereby denied.

WHEREFORE, Defendant BONZAI EXPRESS OF ST. LOUIS, INC. prays that this Court dismiss Plaintiff's Complaint, enter judgment in its favor and against Plaintiff, and award it further relief as may be necessary and just.

**DEFENDANT DEMANDS TRIAL BY JURY.**

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant BONZAI EXPRESS OF ST. LOUIS, INC., while continuing to deny any liability to Plaintiff, and without prejudice to the Answer set forth above, pleads the following as affirmative defenses to Plaintiff's Complaint:

1.     Any negligence on the part of this Defendant, which is specifically denied, is not the proximate cause of Plaintiff's injuries.

2.     Plaintiff's damages, if any sustained, may be due in whole or in part by acts or omissions of parties not included in this lawsuit.

3.     At the time and place of the incident complained of, Plaintiff had a duty to use reasonable care for her own safety.

4.     Notwithstanding that duty, at the time and place of the incident complained of, Plaintiff committed one or more of the following negligent acts, omissions, or violations of statute:

    a.     Failed to keep a proper lookout for her own safety;

    b.     Knew or should have known of the existence of a condition and have avoided it;

    c.     Knew or should have known of a condition that required the exercise of care which Plaintiff did not exercise;

        d.      Knew or should have known of an open and obvious condition and have avoided it; and

        e.      Was negligent in one or more ways which discovery will reveal.

5.      The proximate cause of Plaintiff's alleged damages is one or more of the foregoing negligent acts, omissions, or violations of statute.

6.      In the alternative, assuming that 100% represents the total combined negligence or fault of the parties to this action, the negligence or fault on the part of Plaintiff was more than 50% of the total proximate cause of the alleged injuries and/or damages and, therefore there is no liability on the part of this Defendant.  In the alternative, in the event that it is found that negligence on the part of Plaintiff is less than 50% of the proximate cause of the alleged injuries and/or damages then the amount of the verdict awarded to Plaintiff must be reduced in accordance with the percentage of that negligence or fault.

7.      In the alternative, any fault on the part of this Defendant in proximately causing any injury or damages to Plaintiff is less than 25% of the total fault attributable to Plaintiff, the Defendant sued, and any third-party defendant who could have been sued by Plaintiff and, therefore, pursuant to 735 ILCS 5/2-1117, Defendant is only severally liable, if at all.

8.      Further, Defendant is entitled to a set-off or a credit in the amount equal to that paid or agreed by any tortfeasor, whether or not a party to this lawsuit, pursuant to 740 ILCS 100/2.

WHEREFORE, Defendant BONZAI EXPRESS OF ST. LOUIS, INC. prays that this Court dismiss Plaintiff's Complaint, enter judgment in its favor and against Plaintiff, and award it further relief as may be necessary and just; in the alternative, Defendant prays that any verdict or judgment rendered in favor of Plaintiff be reduced by the percentage of contributory negligence found by the trier of fact to have proximately caused or contributed to cause the occurrence, injuries, and damages alleged.

**DEFENDANT DEMANDS TRIAL BY JURY.**

                            BONZAI EXPRESS OF ST. LOUIS, INC., Defendant

                                /s/ ***Barry S. Noeltner***

BY: _____

               HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                  Barry S. Noeltner, #6190817

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bnoeltner@heylroyster.com

79-488

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **5th** day of **May, 2023**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Steven W. Duke, Esq.
DiPasquale Moore, LLC
900 Spruce Street, Suite 150
St. Louis, MO 63102
steve.duke@dmlawusa.com
**Attorneys for Plaintiff**

Brady McAninch, Esq.
Hipskind & McAninch, LLC
5111 W. Main Street, Suite 100
Belleville, IL 62226
brady@hm-attorneys.com
**Attorneys for Plaintiff**

/s/ *Barry Noeltner*
_____

79-488

STATE OF ILLINOIS      )
                          ) SS
COUNTY OF MADISON    )

      **BARRY S. NOELTNER,** being first duly sworn upon oath, deposes and states that he is one of the attorneys charged with the defense of Defendant BONZAI EXPRESS OF ST. LOUIS, INC. in this action, that he has prepared the foregoing Answer on behalf of said Defendant, and he avers that his statements of insufficient knowledge to form a belief of certain allegations are true; and he has, therefore, denied said allegations.

_____
**BARRY S. NOELTNER**

      SUBSCRIBED   AND   SWORN   to   before   me   this   _4th_   day   of
_May_____,
2023.

_____
Notary Public

My Commission Expires:

OFFICIAL SEAL
LISA M KOHLER
NOTARY PUBLIC-STATE OF ILLINOIS
MY COMMISSION EXPIRES 06-27-2025